IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

           CR. NO. S-03-0258 EJG

    v.

           ORDER DENYING MOTION FOR

JAMES JACKSON,         RETURN OF PROPERTY

        Defendant.
_____/

    Defendant, a federal prisoner proceeding pro se, has filed a motion for return of personal property, pursuant to Federal Rule of Criminal Procedure 41(g).  After reviewing the record and the documents filed in connection with the motion, and for the reasons that follow, the motion is DENIED.

BACKGROUND

    Defendant was convicted February 27, 2004, pursuant to his plea of guilty, to a drug trafficking offense and was sentenced May 7, 2004 to a term of 168 months imprisonment.  In the instant motion he seeks the return of jewelry and cash allegedly seized from him at the time of his arrest on April 30, 2003.  Rule 41(g)

1

directs the court to receive evidence on any factual issue
necessary to decide the motion.

DISCUSSION

In its response to the motion, the government maintains it
does not have possession of the items, and that none of them
appear on the inventory prepared at the time of defendant's
arrest.[1]   The government's assertions are supported by a
declaration filed by the arresting officer in which he states he
has reviewed his report, photographs taken at the time of the
arrest, and the Sacramento County Sheriff's Department
Correctional Services  Property and Clothing Record.  In his
declaration the officer states, among other things, that his
ususal custom and practice is to remove jewelry prior to
transporting a defendant to jail.  To that end, attached to the
officer's declaration is a photograph taken at the time of the
arrest showing jewelry items on what the officer describes as a
kitchen counter in the residence at which defendant was arrested.
Since the jewelry items described by defendant in his motion do
not appear on the Property and Clothing Record, the officer
surmises that the jewelry was left on the counter at the
residence from which defendant was transported.

---

[1] Other items, not mentioned by defendant, were seized
pursuant to a search warrant, and were administratively forfeited
by the Sacramento County District Attorney's Office.  These items
are listed in a Declaration of Forfeiture submitted by the
government and include a Sony television, a Cadillac automobile,
and $8100 in cash.

1    In response defendant requests discovery, states that he

2 recalls the arresting officer assisting in the removal of jewelry

3 from defendant's person, and implies that the officer must have

4 stolen defendant's personal property.  In the face of the

5 government's undisputed evidence, this unsupported assertion does

6 not aid defendant.  Even if the officer assisted in the removal

7 of the jewelry from defendant's person, defendant has presented

8 no evidence that the jewelry was taken and kept by the officer.

9    Finally, Rule 41(g) is a motion directed to the *federal*

10 government for return of property in the possession of the

11 *federal* government.  Here, the undisputed evidence is that the

12 personal property at issue was removed from the defendant prior

13 to any involvement by the *federal* government.  He was arrested by

14 *county* employees, transported to the jail by *county* employees,

15 and, upon arrival at the jail, was processed by *county* employees.

16 In other words, the federal government was at no time the

17 custodian of the property at issue in this motion.  On this

18 basis, as well as a lack of evidence, the motion is DENIED.

19                          CONCLUSION

20    Based on the foregoing, defendant's motion for return of

21 property is DENIED.

22    IT IS SO ORDERED.

23 Dated: January 24, 2008

24                          /s/ Edward J. Garcia
                            EDWARD J. GARCIA, JUDGE
25                          UNITED STATES DISTRICT COURT

26                              3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

4