IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

               CR. NO. S-03-0258 EJG

     v.

               ORDER DENYING MOTION TO AMEND

JAMES JACKSON,          PRESENCE REPORT

          Defendant.

_____/

    Defendant, a federal prisoner proceeding pro se, has filed a motion for an order directing the Probation Office to amend the presence report in this case.  Specifically, defendant wants the report to include language that a firearm was not used in connection with the drug trafficking crime to which defendant pled guilty.  For the reasons that follow, the motion is DENIED.

<u>Background</u>

    On February 27, 2004, defendant was convicted, pursuant to his plea of guilty, of one count of conspiracy to distribute and possess with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 846.  As part of the plea agreement,

1

defendant admitted that he possessed a firearm in relation to the offense. (Plea Agreement, Docket No. 39). In exchange for defendant's plea of guilty the government agreed to dismiss the remaining counts in the indictment, including possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924( c). On May 7, 2004, defendant was sentenced to a term of 168 months imprisonment.[1] As part of the Judgment the court recommended to the Bureau of Prisons that defendant be allowed to participate in the 500-hour Bureau of Prisons Substance Abuse Treatment Program. (Judgment, Docket No. 49).

## Discussion

In the instant motion defendant contends that he has been deemed ineligible to participate in the 500-hour drug treatment program because the presentence report states that he possessed a firearm at the time of the commission of the offense of which he was convicted. Defendant claims this statement is erroneous since the gun count was dismissed by the government. Citing Federal Rule of Criminal Procedure 32(i)(3)( C ), defendant maintains that the court must amend the presentence report to clarify that defendant's possession of the gun was not related to the drug offense, apparently believing this will make him

---

[1] Defendant's sentence was subsequently reduced to 135 months of imprisonment, pursuant to 18 U.S.C. § 3582(c)(2) based on the lowering of the sentencing range for crack cocaine by the Sentencing Commission. (Order Reducing Sentence, Docket No. 83)

eligible for participation in the Bureau of Prisons' drug
treatment program.

Defendant's arguments are legally misplaced and factually
erroneous.  Rule 32(i)(3) lists a court's obligations concerning
factual findings contained in the presentence report.  The rule
provides that the court: a) **may** accept undisputed portions of the
report; b) **must** rule on disputed portions, or determine that a
ruling is unnecessary; and c) **must** attach a copy of the court's
determinations on any factual disputes to the presentence report.
The rule is simply inapplicable to the instant situation.  The
presentence report does not contain a dispute about whether
defendant had a gun in connection with the drug offense. Rather,
the report explains that pursuant to the plea agreement, the
parties agree the base offense level will be increased by two
levels due to the finding of a gun in defendant's bedroom. The
report also summarizes defendant's explanation for the presence
of the gun, which is that he purchased it for personal
protection.

No objections were made prior to or during the sentencing
proceedings concerning the specific offense characteristic for
gun possession that resulted in a two level increase in the base
offense level.  Nor could there have been an objection without
running afoul of the plea agreement.  That agreement contains the
parties' stipulation that defendant possessed the gun.  This
stipulation was in exchange for the government's agreement to

dismiss the § 924(c) count.  Had defendant been convicted of that count, he would have faced an additional five years of **consecutive** imprisonment. <u>See</u> 18 U.S.C. § 924(c)(1)(A)(i). Instead, the two level enhancement added 33 months to his sentence. <u>See</u> U.S.S.G. Sentencing Table (comparing guideline ranges for total adjusted offense level of 33, with a criminal history category of I (135 - 168 months) to level 35 (168 - 210 months).

While it is true that the court recommended that defendant participate in the Bureau of Prison's 500-hour substance abuse treatment program, it was but a recommendation.  Eligibility determination for that program remains with the Bureau of Prisons.  <u>See</u> 18 U.S.C. § 3621(e).  Questions concerning those determinations must be directed to that agency.

<u>Conclusion</u>

Based on the foregoing, defendant's motion for an order amending the presentence report is DENIED.

IT IS SO ORDERED.

Dated: September 3, 2010

/s/Edward J. Garcia
_____
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT

4